GARY V. SCOTT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scott v. Commissioner
Docket No. 12419-92
United States Tax Court
T.C. Memo 1992-730; 1992 Tax Ct. Memo LEXIS 771; 64 T.C.M. (CCH) 1614; December 29, 1992, Filed *771 An appropriate order of dismissal and decision will be entered. Gary V. Scott, pro se. For Respondent: Peter M. Ritteman. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned pursuant to section 7443A(b) and Rules 180, 181, and 182. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. This case is before the Court on respondent's Motion to Dismiss filed on July 10, 1992, pursuant to Rule 40. Respondent has moved to dismiss on the ground that petitioner has failed to state a claim upon which relief can be granted. Petitioner filed a response to respondent's motion on August 3, 1992. Petitioner contends that he is not liable for Federal income taxes on the ground that he is a "private non-voluntarily privileged private Citizen", and further, that the Internal Revenue Service has no jurisdiction over petitioner because of his status as a "private natural born free Citizen". Petitioner failed to file Federal income tax returns for each of the years 1985 through 1989. Respondent determined deficiencies *772 and additions in petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
1985
$ 5,730
$ 1,433
$ 287
50% of the interest
due on $ 5,730
1986
5,399
1,350
1987
6,968
1,742
1988
6,104
1,526
305
1989
5,067
1,267
Additions to Tax
Sec.
Sec.
Sec.
Year
6653(a)(1)(A)
6653(a)(1)(B)
6654
1985
$ 328
1986
270
50% of the
interest due
due on $ 5,399
261
1987
348
50% of the
interest due
on $ 6,968
376
1988
390
1989
344
On June 8, 1992, petitioner filed a petition alleging that respondent does not have any jurisdiction to assess any tax against him, that he is not liable for any tax under the Internal Revenue Code or required to file an income tax return, and that he was not liable for the payment of any income tax. Petitioner contends that he is a non-resident alien as it pertains to the Internal Revenue Code. Petitioner admits that he was a "citizen" of Detroit, Michigan during the years involved and at the time the petition was filed. Petitioner does not dispute respondent's determination that petitioner received self-employment *773 income, wage income, and interest income as set forth in the notice of deficiency. At the trial of this case on September 21, 1992, the Court informed petitioner that the case would be dismissed for failure to state a claim unless petitioner proceeded to address the issues as set forth in the notice of deficiency. The Court suggested that petitioner meet with respondent's counsel to discuss the case on its merits. The Court took respondent's motion to dismiss under advisement and allowed petitioner 30 days to meet with respondent to discuss the case on its merits. As of the date of this opinion, petitioner has failed to notify the Court of any settlement negotiations with respondent or of any other matters relating to resolving the case on its merits. Respondent has moved for judgment in this case on the ground that petitioner has failed to assign error to the items set forth in the notice of deficiency. Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency or liability. Rule 34(b)(5) further provides that *774 the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. It is clear that the petition in the instant case does not comply with Rule 34(b), in that no justiciable error has been alleged in the petition with respect to respondent's determination and the petition fails to allege justiciable facts in support of any error. Because petitioner has failed to comply with the rules of the Court by filing a petition which does not state a justiciable claim upon which relief can be granted, respondent's motion to dismiss will be granted. Rule 123(b); cf. . Petitioner's claim that he is not a taxpayer within the meaning of the Internal Revenue Code is based on petitioner's contention that natural persons are not taxpayers. It is clear that petitioner is an individual and that individuals are taxpayers required to file returns and pay Federal income tax. Secs. 7701(a), 6012. See . Based on the petition filed in this case and petitioner's testimony at the hearing on respondent's *775 motion, we conclude that petitioner's position is frivolous and completely without merit. Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous or groundless or maintained by the taxpayer primarily for delay, a penalty in an amount not in excess of $ 25,000 may be awarded to the United States under section 6673(a). Accordingly, based on our own motion, we require petitioner to pay to the United States a penalty in the amount of $ 5,000. ; . An appropriate order of dismissal and decision will be entered.